IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY A. WILEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-724-L** |
| | § | |
| JOHN W. SNOW, et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court are several related pending matters: Plaintiff['s] Request for Entry of Default and Default Judgment, filed July 14, 2006; Defendants' Opposition to Plaintiff's Request for Entry of Default and Default Judgment and Cross-Motion to Dismiss and Brief in Support, filed August 17, 2006; and Defendants' Renewed Motion to Dismiss and Brief in Support, filed November 22, 2006. After reviewing the motions, related briefs, the record, and the applicable law, the court **denies** Plaintiff['s] Request for Entry of Default and Default Judgment; **denies as moot** Defendants' Cross-Motion to Dismiss; and **denies** Defendants' Renewed Motion to Dismiss.

**I. BACKGROUND**

This is a *pro se* employment discrimination action brought by Plaintiff Judy A. Wiley ("Wiley") against three Defendants in their official capacities as supervisors or managers within the Internal Revenue Service: John W. Snow ("Snow"), Theodore L. Reis ("Reis"), and Barbara Lee ("Lee") (collectively, "Defendants"). Wiley filed her original complaint on April 14, 2005, alleging discrimination and retaliation in violation of "the Civil Rights Act of 1964 and 42 U.S.C. 1981 (section 1981)." Complaint at 3. Wiley filed an executed summons showing that she served Snow

**Memorandum Opinion and Order – Page 1**

on July 11, 2005, by leaving a copy of the summons and complaint with a "Mr. Deyo," who was an "authorized staff member to receive service," on Snow's behalf.  Docket No. 8.  Wiley filed an executed summons  showing that she served Lee on July 1, 2005, through a process server who personally delivered a copy of the summons and complaint to Lee.  Docket No. 9.  Wiley filed an executed summons showing that she served Reis on May 17, 2005, by mail with a signed return receipt. Docket No. 10.  All three executed summonses were filed August 12, 2005, but no answers, responses or action of any kind followed from Defendants until more than a year later.

Following Wiley's filing of the executed summonses, the case sat dormant for 10 months until the court issued an order on June 13, 2006, directing Wiley to move for entry of default and a default judgment against Defendants Snow and Lee, as the court's records showed they had been in default for more than 90 days.[1]  Order of June 13, 2006.  Despite the existence of an executed summons returned as to Reis, docketed on August 12, 2005, the court issued a separate order on June 13, 2006, noting that no service had been made on Reis.  Order of June 13, 2006.  The court directed Wiley to effect service on Reis by July 14, 2006, or risk dismissal of her action as to Reis.[2]  The court issued another order on June 21, 2006, telling Wiley that the court records indicated Reis was in default for more than 90 days, and directing her to move for entry of default and a default judgment against Reis.[3]  In accordance with the court's two orders directing her to move for default, Wiley filed Plaintiff['s] Request for Entry of Default and Default Judgment against all three

---

[1]The court issued this order because the record showed service had been effected, and it had no indication, at that time, from Defendants or any other parties that service was defective in any manner.

[2]This order was issued through oversight.

[3]The court apparently realized the oversight it had made when issuing the prior order regarding Reis when it issued this order.  The court apologizes for any resulting confusion.

**Memorandum Opinion and Order – Page 2**

Defendants on July 14, 2006. On August 17, 2006, Defendants' Opposition to Plaintiff's Request for Entry of Default and Default Judgment and Cross-Motion to Dismiss and Brief in Support ("Def. Resp." or "Def. First Mot.") was filed. Defendants' response and cross-motion to dismiss are based on two grounds: (1) service was defective, as Wiley did not serve the United States attorney or Attorney General; and (2) Wiley's complaint rests on violations of statutes from which the government is immune. *See* Def. Resp. at 5-8. In response, Wiley effected service upon the United States attorney and the Attorney General on September 5 and 6, 2006, respectively. Pl. Br. in Opposition at Exhibits A and B. Wiley then filed a motion for leave to amend her complaint on October 30, 2006, which the court granted on November 14, 2006. Wiley filed her amended complaint on November 14, 2006, this time, citing Title VII, 42 U.S.C. § 2000, and the Family Medical Leave Act, 29 U.S.C. § 2611, as the bases for her complaint. Defendants subsequently filed a Renewed Motion to Dismiss ("Def. Second Mot."), arguing that, since service was not effected within 120 days of the filing of the complaint as required under Fed. R. Civ. P. 4(m), Wiley's efforts to cure her defects are ineffective. The court will first address Plaintiff's request for default before addressing Defendants' motions to dismiss, as Defendants' two motions to dismiss, are based primarily on the same ground.

## II. REQUEST FOR DEFAULT

While Plaintiff moved for entry of default and default judgment in accordance with the court's two orders directing her to do so, Defendant points out that default is inappropriate, since service of process was defective. Def. Resp. at 5. The court agrees with Defendants. Under Fed. R. Civ. P. 4(i), service upon the United States, or upon one of its officers or employees, requires delivering a copy of the summons and complaint to the United States attorney for the district in

which the action is brought, and sending a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C. Fed. R. Civ. P. 4(i). In this case, Plaintiff attempted to serve each defendant individually, but she did not serve the United States attorney or the Attorney General until September 2006, after her request for default. The court determines that, at the time Plaintiff filed her request for default, she had not properly served Defendants. Accordingly, Plaintiff['s] Request for Entry of Default and Default Judgment is **denied**.

## III.  MOTION TO DISMISS

Defendants' first motion to dismiss, filed prior to Wiley's amended complaint, cited defective service as one ground for dismissal. Defendants' first motion also argues that Wiley's original complaint failed to state a basis for the court's jurisdiction. Def. First Mot. at 7. Specifically, Defendant points out that Wiley cited the Civil Rights Act of 1964 and 42 U.S.C. § 1981 as the only two bases for jurisdiction; however, Defendants argue that the Civil Rights Act of 1964 excluded federal entities from suits alleging discrimination, and that Congress did not amend Title VII to permit such discrimination suits against government employers until 1972. *Id.* Defendants also point out that the United States and its officers are immune from suit under 42 U.S.C. § 1981. *Id.* at 8 (citing *Pegues v. Mississippi State Employment Serv.*, 699 F.2d 760 (5th Cir. 1983)). As explained above, Wiley cured both defects in response to Defendants' first motion, which Defendants argue is ineffective. Def. Second Mot. at 4. Specifically, Defendants argue that Wiley has failed to establish good cause for her late service, which Rule 4(m) requires when service has not been effected within 120 days, and, therefore, both the original and amended complaints should be dismissed. Def. Second Mot. at 4-5. Defendants contend that a *pro se* litigant's unfamiliarity with the mechanics of service or ignorance of the rules does not suffice as good cause

**Memorandum Opinion and Order – Page 4**

for failing to timely serve. Def. Second Mot. at 3 (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)). Defendants argue that absent a showing of good cause, the court *must* dismiss Wiley's complaint in accordance with Rule 4(m). Def. Second Mot. at 4. Defendants' reliance on *Kersh* is misplaced.

First, *Kersh*'s applicability to this case is limited, since the court based its decision on a prior version of the federal rule for service of process, Rule 4(j), which stated:

> If a service of the summons upon a defendant is not made within 120 days after the filing of the complaint *and* the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall be dismissed* as to that defendant without prejudice upon the court's initiative with notice to such party or upon motion.

*See Kersh*, 851 F.2d at 1511, citing Fed. R. Civ. P. 4(j) (emphasis added). The rule was amended in 1993, and now states:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, *shall dismiss* the action without prejudice as to that defendant *or direct that service be effected within a specified time*; provided that if the plaintiff shows good cause for the failure, the court *shall extend* the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). District courts are "accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 662 (1996)(citing Advisory Committee's Notes on Fed. R. Civ. P. 4). Stated another way, "[c]omplaints are not to be dismissed if served within 120 days, *or within such additional time as the court may allow*." *Id.* at 663 (emphasis added). As aptly stated by the Fifth Circuit, "[i]f good cause is present, the district court *must* extend time for service. If good cause does not exist, the court *may*, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). Accordingly, the court

**Memorandum Opinion and Order – Page 5**

determines that Rule 4(m) does not require dismissal of Wiley's complaint as Defendants contend, and, *requires* this court to extend time for service if it determines good cause exists for Wiley's delay.

In this case, the court believes Wiley's original attempts at service, given her *pro se* status, combined with Defendants' lack of response to that attempted service, was good cause for her delay which requires this court to extend time for service.  Alternatively, the court determines that even absent good cause, it should exercise its discretion in this case to permit service beyond the 120-day period.  In reaching this decision, the court finds several Fifth Circuit cases instructive.

In *Kersh*, where the court determined that the *pro se* plaintiff's ignorance of the mechanics of service did not amount to good cause,  the court noted that the plaintiff failed to have summons issued until seven months after filing, even though he had received summons forms to prepare for service.  *Kersh*, 851 F.2d at 1510-12.  In this case, Wiley issued summonses and personally served each Defendant within three months of filing her complaint in April 2005.  She served Reis in May, about one month after filing her complaint, and served Snow and Lee in early July.  None of the defendants answered or gave any indication to her or this court that service was defective.  Based upon the entries on the court docket sheet, the court believed that service had been properly effected when it directed Wiley to seek defaults against Defendants.

In *Systems Signs Supplies v. United States Department of Justice*, the court, following the prior Rule 4(j), determined that a district court did not abuse its discretion in dismissing a case for failure to timely serve when the government defendant notified the *pro se* plaintiff that his attempted service was defective about one month after receiving defective personal service and one month before the 120-day period for service would have expired. 903 F.2d 1011, 1013-14.  The

**Memorandum Opinion and Order – Page 6**

court noted, however, that since the *pro se* plaintiff attempted to serve more than once, and each defendant had actual notice of his efforts, he had "grounds for leniency" that the district court should have taken into account when considering the "technical imperfections of service." *Id.* at 1013-14. The Fifth Circuit also reached a similar conclusion in *Carimi v. Royal Carribean Cruise Line, Inc.*, where it determined that the plaintiff's service was technically deficient, but remanded the case directing the district court to allow him additional time to re-serve, since he had "acted in good faith and without sinister motivation." 959 F.2d 1344, 1349 (5th Cir. 1992). In that case, the plaintiff's defective service was never acknowledged by the defendant, which had received actual notice of the suit, but failed to respond until after the court entered default judgment against it. *Id.* at 1345. The appeals court overturned the default, but noted that the plaintiff "had good cause to think that he had" effected service, and "should not be penalized just because we conclude today that he did not in fact accomplish valid service." *Id.* at 1346.

The facts from *Systems Signs* and *Carimi* are similar to the case at hand, where Wiley's defect in service was technical in nature, and each Defendant had actual notice of the suit. In this case, none of the Defendants provided any notice that service was defective until after Plaintiff moved for default, which was also well past the 120-day period for service. In essence, Defendants sat back, after receiving defective personal service, and waited silently until Wiley moved for default to argue that she had failed to properly serve them. They argued through their two motions to dismiss that a dismissal is mandatory under Rule 4(m), and that her *pro se* status and lack of understanding of the mechanics for service could not constitute good cause for an extension. Under the circumstances at hand, the court finds it well within its discretion under Rule 4(m) to extend the 120-day period for service for an appropriate amount of time. In this case, as Wiley, on her own,

**Memorandum Opinion and Order – Page 7**

effected service approximately two weeks after Defendants pointed out the defective service through their first motion to dismiss, the court determines that defective service was cured within a reasonable amount of time. Accordingly, the court will not dismiss Wiley's complaint for ineffective service. Additionally, as Wiley has also amended her complaint to cure the defects in her claims for jurisdiction, the court will not dismiss Wiley's complaint for lack of jurisdiction.

Defendants contend in their second motion to dismiss that Wiley's amendment was "very late," and the claims should be dismissed for untimeliness. Def. Second Mot. at 4-5. Defendants argue that Wiley has attempted to circumvent Rule 4(m)'s requirements for service within 120 days, and that the court should not permit her to do so through late service and late amendment of her complaint. *Id.* at 5. The court has already determined that Defendants play some role for the delay in service. Furthermore, at the time Wiley amended her complaint, Defendants had not answered or filed a responsive pleading, and she was free, under Fed. R. Civ. P. 15, to amend her complaint, even without leave of court. Aside from the statutes cited by Wiley, the facts she cited to support her claims of discrimination and retaliation did not change from her original complaint to her amended complaint. The court determines that Defendants were placed on notice of Wiley's factual allegations through her original complaint, and suffered no legal prejudice when the court permitted her to amend her complaint. Defendants' arguments for dismissal are based entirely on procedural and technical defects, which Wiley has now cured. To dismiss Wiley's claims would exalt form over substance. Accordingly, the court determines Defendants' motions to dismiss should be denied.

## IV. CONCLUSION

For the reasons stated herein, the court determines that Wiley's service on Defendants was defective at the time she sought default against them. Accordingly, Plaintiff['s] Request for Entry of Default and Default Judgment is **denied**. The court further determines that, under Rule 4(m), it must extend the 120-day period for service, because Wiley had good cause for the delay in effecting proper service. Alternatively, the court determines that it has discretion to extend Wiley's time for service, and that she has effected service within a reasonable time after being placed on notice of the defective service. As Wiley has also amended her complaint to state causes of action within the court's jurisdiction, Defendants' Cross-Motion to Dismiss is **denied as moot**; and Defendants' Renewed Motion to Dismiss is **denied**.

**It is so ordered** this 25th day of July, 2007.

Sam A. Lindsay
United States District Judge