IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| JUDY A. WILEY, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | Civil Action No. **3:05-CV-724-L** |
| HENRY M. PAULSON, JR., et al., | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss and for Summary Judgment, filed February 4, 2008. After careful consideration of the motion, response, reply, briefs, record, and applicable law, the court **grants** Defendants' Motion to Dismiss and for Summary Judgment.

**I.     Factual and Procedural Background**

This is a *pro se* employment discrimination action brought by Plaintiff Judy A. Wiley ("Wiley") against three Defendants in their individual and official capacities with the Internal Revenue Service: John W. Snow ("Snow"),[1] Theodore L. Reis ("Reis"), and Barbara Lee ("Lee") (collectively, "Defendants"). She filed the action pursuant to the Civil Rights Act of 1964 and 42 U.S.C. 1981 ("section 1981"), alleging discrimination and retaliation. On November 14, 2006, Wiley filed an amended complaint, alleging violations of only Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and the Family Medical Leave Act, 29 U.S.C. § 2611 ("FMLA"). Accordingly, these are the only claims before the court.

---

[1]Effective July 10, 2006, Henry M. Paulson, Jr. succeeded John W. Snow as the United States Treasury Secretary. Under Rule 25(d), Fed. R. Civ. P., Henry M. Paulson, Jr. "is automatically substituted as a party."

**Memorandum Opinion and Order – Page 1**

Wiley is an African-American female who is currently employed as a customer service representative with the Internal Revenue Service ("IRS"). On November 27, 2002, she filed a complaint of discrimination ("EEO Complaint") alleging the following incidents of race-based discrimination:

1) Failure to receive compliments when given by taxpayer. 8/26/02 and 4/4/02 Barbara Lee . . .
2) Received [counsel] memo with no prior background. 4/19/02 Barbara Lee . . .
3) Failed to allow employee to make a 15 minute emergency [c]all without taking annual leave. 8/23/02 Barbara Lee . . .
4) Forced employee to sign [m]edical release form by threatening AWOL. . . .
5) Forced employee to sign out to speak with a [u]nion [r]epresentative and EEOC counselor. 9/4/02 and 9/5/02 Barbara Lee. . . .

App. to Def.'s Mot. Summ. J. Ex. A at 4. The EEO Complaint was referred to Administrative Judge Stephanie L. Merkel for hearing and decision. On January 23, 2004, the administrative judge conducted a pre-hearing conference at which the parties discussed the prospect of settlement. The parties were unable to reach a settlement, and the administrative judge set the EEO Complaint for hearing on February 3, 2004. Before the hearing began on February 3, 2004, the administrative judge encouraged to parties to engage in settlement discussions. The parties ultimately reached an agreement, and the administrative judge opened the record and instructed Erin Timmons ("Timmons"), counsel for the IRS, to read the terms of the settlement agreement into the record. After Timmons read the terms of the agreement into the record, Wiley and her attorney, Ronald Newton ("Newton"), agreed to the terms on the record. The parties agreed to reduce the settlement agreement to writing. Based on the parties' agreement, the administrative judge dismissed the case.

On April 14, 2005, Wiley filed this action against Defendants, alleging discrimination and retaliation. On November 14, 2006, Wiley filed an amended complaint, alleging violations of Title VII and FMLA. She alleges the following acts of discrimination in violation of Title VII:

> (1) Defendant[s] fail[ed] to follow employer policy, procedures, practices of IRS rules and regulations[;]
> (2) Defendant[s] fail[ed] to show legitimate justification for lowering plaintiff['s] Performance Appraisal on May 13, 2003[;]
> (3) On April 4, 2002 and August 26, 2002[,] [D]efendant[s] did not give plaintiff [h]er compl[i]ments from taxpayer[;]
> (4) On April 19, 2002[,] [D]efendant[s] gave plaintiff a counseling memorandum as a mean[s] of retaliation[;]
> (5) On September 4[,] 2002 and September 5, 2002[,] [D]efendant[s] required Plaintiff to sign out to speak with EEOC [c]ounselors and [u]nion [r]epresentatives [where as] before, there was never any policy requiring employees to do so[;]
> (6) Defendant[s] coerce[d], intimidated, and required plaintiff to sign a medical [r]elease for under duress and against her will[;]
> (7) On October 9, 2003[,] [Wiley] received a letter of reprimand as a mean[s] of retaliation and [disparate] treatment against [her] for exercising [her] rights against discrimination[; and]
> (8) Defendant[s] continue to harass plaintiff where management knew, but [failed] to take prompt medical action. As of today, after being transferred to another group, [the] problem still exist[s] today.

Pl. Am. Compl. ¶8. Wiley also alleges that Defendants retaliated against her in violation of FMLA by marking her absent without leave and refusing to grant her leave for which she was eligible. *Id*. ¶11.

On February 4, 2008, Defendants filed their Motion to Dismiss and for Summary Judgment. They contend that Wiley failed to exhaust administrative remedies as to claims 1, 2, and 8 above and that she waived her right to sue for the remainder of the claims when she knowingly and voluntarily consented to the settlement agreement. Defendants also contend that Wiley has no private right of

**Memorandum Opinion and Order – Page 3**

action to bring an FMLA claim. Defendants further contend that to the extent that Wiley alleges any constitutional or tort claims, such claims are either preempted by Title VII or barred for failure to exhaust administrative remedies with respect to those claims. Defendants also argue that Reis and Lee should be dismissed from the suit and that the claims against Henry M. Paulson, Jr. in his individual capacity should be dismissed.[2]

Wiley responds that she has exhausted the administrative remedies as to claims 1, 2, and 8 above because these claims are "related to allegations contained in the EEOC charge and grow[] out of such allegations." Pl.'s Resp. ¶10. She also contends that although she has established a prima facie case for the Title VII violations, Defendants have failed to articulate a legitimate, nondiscriminatory reason for their actions. Wiley further contends that she has an individual right of action under FMLA because she has satisfied all legal prerequisites to bring the claim.

## II. Title VII

### A. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact

---

[2]The court acknowledges some confusion as to the basis for Defendants' Motion to Dismiss and for Summary Judgment. The motion relies primarily on Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction); however, portions of Defendants' brief seem to argue dismissal on the basis of Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted). Because the crux of Defendants' argument regarding the official-capacity FMLA claims is sovereign immunity, the court analyzes these claims to determine whether it has subject matter jurisdiction over them. As to the individual-capacity FMLA claims, the court applies the standard under Fed. R. Civ. P. 12(b)(6).

**Memorandum Opinion and Order – Page 4**

is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary

judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B.     Discussion**

Defendants contend that Wiley failed to exhaust administrative remedies as to claims 1, 2, and 8 and that she waived her right to sue for the remainder of the claims when she knowingly and voluntarily consented to the settlement agreement. Wiley argues that she has exhausted the administrative remedies as to claims 1, 2, and 8 because these claims are related to and arise from the allegations contained in the EEO Complaint. Based upon Wiley's statement that all eight claims are related to and arise from the EEO Complaint, Defendants argue that all of her Title VII claims are subject to the settlement agreement and that she has waived her right to sue on these claims. The court agrees.

On February 3, 2004, the parties reached a settlement agreement, the terms of which were read into the record. The agreement was "a global settlement of any and all claims that Ms. Wiley has brought or could have brought by [February 3, 2004]." App. Ex. F at 70:16-19. Both Wiley and her attorney agreed to the terms of the settlement on the record. Wiley does not dispute the validity of the settlement agreement; she argues instead that the IRS has not fulfilled its obligations under the agreement.

Voluntary settlement of employment discrimination claims is encouraged by the courts and binding on both parties. *Jackson v. Widnall*, 99 F.3d 710, 714 (5th Cir. 1996) (citing 29 C.F.R. §

1613.217(b) (1995)). "Allowing one party to renounce an agreement and sue for additional relief would undermine our longstanding policy of encouraging settlement, thereby creating a disincentive to the amicable resolution of legal disputes and defeating the purposes of title VII." *Id. See also Carson v. American Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981) (noting that Title VII incorporates a strong preference for the voluntary settlement of employment discrimination claims). Because Wiley's Title VII claims have been voluntarily settled, she may not renounce this agreement and sue for additional relief. If employees of the IRS have not fulfilled their obligations, Wiley's claim is one for breach of contract rather than for violations of Title VII. The alleged breach does not revive her Title VII claims, and these claims are barred as a matter of law. Further, although a breach of contract claim could be actionable if one fails to fulfill the terms of a settlement agreement, Wiley has not even obliquely alleged such a claim in her amended complaint, much less specified which acts or omissions of Defendants allegedly breached the agreement. Accordingly, even under a liberal interpretation, no breach of contract claim is before the court.[3] There is no genuine issue of material fact as to Wiley's Title VII claims because they are barred as a matter of law. Accordingly, Defendants are entitled to judgment as a matter of law on Wiley's Title VII claims.

---

[3] The court declines to allow Wiley to amend her complaint to assert a breach of contract claim because this case is over three years old and was almost three years old when she stated in her response that Defendants had not fulfilled their obligations under the settlement agreement. Moreover, Wiley has amended once, was quite specific about the claims she asserted, and made no effort to include a breach of contract claim. Allowing her to amend at this stage would cause unnecessary delay, and she has offered no explanation for not earlier attempting to include this cause of action.

**Memorandum Opinion and Order – Page 7**

## III. FMLA

### A. Standard for Dismissal Pursuant to Rule 12(b)(6)

To defeat a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, -- U.S. --, 127 S. Ct. 1955, 1974 (2007). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). A court, however, is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### B. Discussion

Defendants contend that Wiley has no private right of action to bring an FMLA claim and that her claim is barred by sovereign immunity. Wiley argues that she has an individual right of action under FMLA because she has satisfied all legal prerequisites to bring the claim.

Wiley sues Defendants in their individual and official capacities. If a public employee acts in the interest of an employer, the employee is an "employer" as defined in the FMLA and may be held individually liable for violations of the FMLA. *Modica v. Taylor*, 465 F.3d 174, 184 (5th Cir. 2006). The court first addresses Wiley's FMLA claim against Defendants in their individual capacities, then addresses her claim against them in their official capacities.

Wiley's FMLA claim is based on incidents that occurred in 2002 and 2003. She currently works for the IRS and does not allege that she was terminated or otherwise ceased working for the IRS between the date of the incidents and the date she filed suit. The court determines, therefore, that Wiley has worked for the IRS for over twelve months. The FMLA does not create a private right of action for federal employees with more than twelve months of service. *Carlson v. White*,

133 Fed. Appx. 144-45 (5th Cir. 2005) (citing 5 U.S.C. §§ 6381-6387 (2007)). Accordingly, Wiley does not have a legally cognizable FMLA claim against Defendants in their individual capacities.

With respect to Wiley's FMLA claim against Defendants in their official capacities, an official-capacity suit is "another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (internal quotation marks and citation omitted). "[T]he United States is a sovereign, and, as such, is immune from suit unless it has expressly waived such immunity and consented to be sued." *Hebert v. United States*, 438 F.3d 483, 487-88 (5th Cir. 2006) (internal quotation marks and citation omitted). Because no such waiver exists for Wiley's official-capacity FMLA claim, the court lacks jurisdiction to adjudicate this claim. *See Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1018-19 (9th Cir. 1999) (holding that sovereign immunity barred suit for violations of FMLA under title applicable to federal employees with more than twelve months of service).

**IV.     Other Claims**

Wiley includes the following language in the damages section of her amended complaint:

> As a direct result and []proximate result of defendants conduct[,] plaintiff suffered the following injuries and damages[:]
> (1)   Plaintiff did not receive[] bonus due to plaintiff['s] performance [a]ppraisal was lowered
> (2)   Plaintiff suffered mental anguish and physical sickness in the [p]ast and future, in the form of; emotional distress[,] los[s] of appetite[,] los[s] of sleep, los[s] of weight, high blood pressure, nervousness, crying, frustration, fear[,] headaches[,] and anxiety[.]

Pl.'s Am. Compl. ¶12. Defendants argue that to the extent that Wiley alleges any constitutional or tort claims with this language, such claims are either preempted by Title VII or barred by her failure to exhaust administrative remedies. Plaintiff alleges no such claims. She is quite specific in setting out her claims as those under Title VII and FMLA. Plaintiff then sets forth her alleged injuries and damages. The court construes this paragraph as Wiley merely describing her damages rather than attempting to allege additional causes of action. Accordingly, Defendants arguments in this regard are moot.

## V.  Conclusion

For the reasons stated herein, the court determines that there is no genuine issue of material fact as to Wiley's Title VII claims; that she does not have a legally cognizable FMLA claim against Defendants in their individual capacities; and that the court lacks jurisdiction to adjudicate her FMLA claim against Defendants in their official capacities. Accordingly, the court **grants** Defendants' Motion to Dismiss and for Summary Judgment.

**It is so ordered** this 16th day of July, 2008.

                                              Sam A. Lindsay
                                              United States District Judge